IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| THERESA LYONS, | ) |
|           Plaintiff, | ) |
| v. | ) |
| JOHN E. LONGLET, | ) |
|           Defendant. | ) |

Case No.: 3AN-09-4962 CI

## COMPLAINT

Plaintiff, THERESA LYONS, by and through her attorneys, PENTLARGE LAW GROUP, and for her Complaint against the Defendant, states and alleges as follows:

1. Plaintiff is a resident of the state of Alaska and has been at all times pertinent hereto.

2. Defendant, John E. Longlet, upon information and belief, is a resident of the state of Alaska and has been at all times pertinent hereto.

3. On or about February 18, 2007, as Plaintiff was stopped behind several vehicles for a red light west bound on Tudor Road at the intersection with Boniface, Defendant John E. Longlet, who was west bound on Tudor Road behind Plaintiff, failed to stop and rear ended Plaintiff's vehicle causing Plaintiff's injuries and damages. Defendant was driving under the influence of alcohol at the time of the collision and was driving recklessly with an indifference to the interest of others including Plaintiff.

4. At the scene of the accident Defendant was charged with driving while intoxicated [AS 28.35.030(a)] for causing this serious automobile collision. On April 30, 2007, Defendant was found guilty after pleading no contest to driving while intoxicated.

### Count I: Negligence

5. Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth above as though fully set forth herein.

6. Defendant owed Plaintiff a duty to act with reasonable care to avoid causing Plaintiff's injuries and damages.

7. Defendant breached the duty he owed to Plaintiff to act with reasonable care when he negligently drove his vehicle in a manner that resulted in a collision with the vehicle Plaintiff was driving.

8. Defendant's negligent conduct was the sole, direct and proximate cause of the accident and Plaintiff's injuries and damages.

### Count II: Negligence Per Se

9. Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth above as though fully set forth herein.

10. The location where the above-described vehicular accident occurred is a public roadway, and its users are, and at all relevant times were, subject to the laws of the state of Alaska.

11. Through the conduct described above, the Defendant failed to comply with the law by failing to properly follow applicable driving rules and regulations and by driving while intoxicated in violation of AS 28.35.030(a)(1) DUI.

12. By driving in a manner that was in violation of Alaska law, the Defendant was negligent per se when he drove under the influence and caused the collision.

### Count III: Alaska Statute 09.60.070

13. Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth above as though fully set forth herein.

14. Plaintiff was injured in the referenced automobile accident due to the negligence and/or negligence per se of Defendant. Furthermore, Plaintiff was a victim of the serious criminal offense of Driving Under the Influence [AS 28.35.030(a)(1)]. Therefore, Plaintiff is entitled to recover full and reasonable attorney's fees against Defendant as a result of his negligence and/or negligence per se.

15. Defendant operated his vehicle in a manner that demonstrated reckless indifference to the interest of others or was outrageous. Plaintiff is therefore entitled to punitive damages.

16. As a result of the above-referenced collision, Plaintiff suffered damages, including but not limited to medical expenses, pain and suffering, loss of income, loss of enjoyment of life, and other damages, including punitive damages, all in an amount in excess of $100,000, the exact amount to be proven at trial.

Complaint
Lyons v. Longlet, 3AN-09-_____CI
Page 3 of 4

PAGE 3 of 4  EXHIBIT 3

Case 3:09-cv-00072-TMB   Document 1-5   Filed 04/10/09   Page 3 of 4

WHEREFORE, having stated her Complaint, Plaintiff prays for judgment against the Defendants as follows:

1. For general and special damages against Defendant John E. Longlet for Plaintiff in an amount in excess of $100,000.00, the exact amount to be proven at trial;

2. For general and special damages against Defendant State Farm for Plaintiff in an amount in excess of $100,000.00, the exact amount to be proven at trial;

3. For punitive damages against Defendant John E. Longlet in an amount to be awarded by the trier of fact;

4. For pre-judgment and post-judgment interest at the maximum rate allowable by law;

5. For Plaintiff's costs and attorney's fees incurred in pursuing this action; and

6. For such other and further relief as the court may deem just and equitable in the premises.

DATED this ___ day of February, 2009 at Anchorage, Alaska.

PENTLARGE LAW GROUP
Attorneys for Plaintiff

_____
Dylan C. Buchholdt
ABA No.: 9811061