IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

THERESA LYONS, )
)
        Plaintiff, )
)
v. )
)
JOHN E. LONGLET and STATE FARM )
MUTUAL AUTOMOBILE INSURANCE )
COMPANY, )
)
        Defendants. )
_____ ) Case No.: 3AN-09-04962 CI

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, THERESA LYONS, by and through her attorneys, PENTLARGE LAW GROUP, and for her Complaint against the Defendants, states and alleges as follows:

1. Plaintiff is a resident of the state of Alaska and has been at all times pertinent hereto.

2. Defendant, John E. Longlet, upon information and belief, is a resident of the state of Alaska and has been at all times pertinent hereto.

3. That at all times pertinent hereto Defendant State Farm Mutual Automobile Insurance Company (hereinafter "Defendant State Farm") did business in the state of Alaska and provided motor vehicle insurance to Theresa Lyons.

### DEFENDANT JOHN E. LONGLET

4. On or about February 18, 2007, as Plaintiff was stopped behind several vehicles for a red light west bound on Tudor Road at the intersection with Boniface, Defendant John E. Longlet, who was west bound on Tudor Road behind Plaintiff, failed to stop and rear ended Plaintiff's vehicle

causing Plaintiff's injuries and damages. Defendant was driving under the influence of alcohol at the time of the collision and was driving recklessly with an indifference to the interest of others including Plaintiff.

5. At the scene of the accident Defendant was charged with driving while intoxicated [AS 28.35.030(a)] for causing this serious automobile collision. On April 30, 2007, Defendant was found guilty after pleading no contest to driving while intoxicated.

### Count I: Negligence

6. Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth above as though fully set forth herein.

7. Defendant owed Plaintiff a duty to act with reasonable care to avoid causing Plaintiff's injuries and damages.

8. Defendant breached the duty he owed to Plaintiff to act with reasonable care when he negligently drove his vehicle in a manner that resulted in a collision with the vehicle Plaintiff was driving.

9. Defendant's negligent conduct was the sole, direct and proximate cause of the accident and Plaintiff's injuries and damages.

### Count II: Negligence Per Se

10. Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth above as though fully set forth herein.

11. The location where the above-described vehicular accident occurred is a public roadway, and its users are, and at all relevant times were, subject to the laws of the state of Alaska.

12. Through the conduct described above, the Defendant failed to comply with the law by failing to properly follow applicable driving rules and regulations and by driving while intoxicated in violation of AS 28.35.030(a)(1) DUI.

13. By driving in a manner that was in violation of Alaska law, the Defendant was negligent per se when he drove under the influence and caused the collision.

### Count III: Alaska Statute 09.60.070

14. Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth above as though fully set forth herein.

15. Plaintiff was injured in the referenced automobile accident due to the negligence and/or negligence per se of Defendant. Furthermore, Plaintiff was a victim of the serious criminal offense of Driving Under the Influence [AS 28.35.030(a)(1)]. Therefore, Plaintiff is entitled to recover full and reasonable attorney's fees against Defendant as a result of his negligence and/or negligence per se.

16. Defendant operated his vehicle in a manner that demonstrated reckless indifference to the interest of others or was outrageous. Plaintiff is therefore entitled to punitive damages.

17. As a result of the above-referenced collision, Plaintiff suffered damages, including but not limited to medical expenses, pain and suffering, loss of income, loss of enjoyment of life, and other damages, including punitive damages, all in an amount in excess of $100,000, the exact amount to be proven at trial.

First Amended Complaint
Lyons v. Longlet, et. al. 3AN-09-04962 CI
Page 3 of 7

PAGE 3 of 7 EXHIBIT 8

Case 3:09-cv-00072-TMB   Document 1-10   Filed 04/10/09   Page 3 of 7

## DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.

18. Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth above as though fully set forth herein.

19. That the negligent driver, Defendant John E. Longlet, may have been underinsured at the time of the collision.

20. That the negligent driver, Defendant John E. Longlet's vehicle may have been underinsured at the time of the collision.

21. That at the time of the February 18, 2007 motor vehicle accident Plaintiff was insured by State Farm for underinsured motorist (hereinafter "UIM") coverage in the amount of $100,000.00 per person.

22. That the negligent driver, Defendant John E. Longlet, may have been an underinsured motorist on February 18, 2007 pursuant to the language of Plaintiff's State Farm insurance policy and Alaska law.

23. That Defendant State Farm required Plaintiff to file a lawsuit against State Farm within two years of the February 18, 2007 motor vehicle accident in order to preserve her right to pursue a UIM claim on her State Farm policy despite the fact that Plaintiff's claim may not ripen to a UIM claim.

24. That pursuant to Plaintiff's UIM coverage State Farm contractually obligated itself to pay Plaintiff for damages for bodily injury caused by an accident which the insured was legally entitled to recover from the owner or operator of an underinsured motor vehicle.

25. That the potentially underinsured motorist, Defendant John E. Longlet caused a collision involving property damage to the vehicles involved and caused physical injury to Plaintiff

First Amended Complaint
Lyons v. Longlet, et. al. 3AN-09-04962 CI
Page 4 of 7
PAGE 4 of 7 EXHIBIT 8
Case 3:09-cv-00072-TMB   Document 1-10   Filed 04/10/09   Page 4 of 7

and the medical records of the Plaintiff are relevant to this case and must be produced in the Initial Disclosures as well as all photographs of the vehicle and all property damage estimates of the vehicles and evidence of property damage adjustment.

26. That the potentially underinsured motorist, Defendant John E. Longlet, was 100% at fault for causing the February 18, 2007 motor vehicle accident.

27. That the Plaintiff was not comparatively negligent in the February 18, 2007 motor vehicle accident or her resulting physical injuries and conditions.

28. That the February 18, 2007 motor vehicle accident was the proximate cause for and/or a substantial factor in Plaintiff's injuries and need for medical treatment and that the medical treatment and expenses incurred by Plaintiff following the February 18, 2007 accident were both reasonable and necessary.

29. That Plaintiff did not fail to mitigate her damages following the February 18, 2007 motor vehicle accident.

30. That Plaintiff's UIM claim against State Farm is not yet ripe as Plaintiff has not yet exhausted underlying policy limits.

31. That Plaintiff asked State Farm to waive its requirement that Plaintiff sue State Farm and State Farm refused.

32. That Plaintiff has incurred costs and attorney fees to file this Amended Complaint against State Farm.

33. That Defendant State Farm may be contractually liable for past and/or future medical expenses, pain, suffering, disability, lost wages, loss of capacity for enjoyment of life, inconvenience, physical impairment, nonmarket household services, and other non-pecuniary damages to be more

First Amended Complaint
Lyons v. Longlet, et. al. 3AN-09-04962 CI
Page 5 of 7
PAGE 5 of 7 EXHIBIT 8
Case 3:09-cv-00072-TMB   Document 1-10   Filed 04/10/09   Page 5 of 7

fully set forth at trial, all in an amount in excess of $100,000.00, the exact amount to be set by the trier of fact.

34. As a result of the above-referenced collision, Plaintiff suffered damages, including but not limited to medical expenses, pain and suffering, loss of income, loss of enjoyment of life, and other damages, including punitive damages, all in an amount in excess of $100,000, the exact amount to be proven at trial.

WHEREFORE, having stated her Complaint, Plaintiff prays for judgment against the Defendants as follows:

1. For general and special damages against Defendant John E. Longlet for Plaintiff in an amount in excess of $100,000.00, the exact amount to be proven at trial;

2. For general and special damages against Defendant State Farm for Plaintiff in an amount in excess of $100,000.00, the exact amount to be proven at trial;

3. For punitive damages against Defendant John E. Longlet in an amount to be awarded by the trier of fact;

4. For pre-judgment and post-judgment interest at the maximum rate allowable by law;

5. For Plaintiff's costs and attorney's fees incurred in pursuing this action; and

6. For Plaintiff's actual costs and attorney's fees from Defendant State Farm for having to pursue this action and despite not being ripe for an underinsured motorist suit at this time.

7. For such other and further relief as the court may deem just and equitable in the premises.

DATED this 12th day of February, 2009 at Anchorage, Alaska.

PENTLARGE LAW GROUP
Attorneys for Plaintiff

_____
Dylan C. Buchholdt
ABA No.: 9811061

**CERTIFICATE OF SERVICE**
Pursuant to Alaska R. Civ. P. 5, I hereby certify that on this 12th day of February, 2009, I caused a true and correct copy of the foregoing document to be served by:
☐ U.S. Mail ☐ Facsimile ☒ Hand Delivery to the following person(s):

Laura Eakes, Esq.
Walker & Eakes, LLC
329 F Street, Suite 200
Anchorage, AK 99501

By: _____
Carina G. Millar
Certified Paralegal