IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

THERESA LYONS,

Plaintiff,

vs.

JOHN E. LONGLET and STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY,

Defendants.

Case No. 3AN-09-4962 Civil

## ANSWER TO FIRST AMENDED COMPLAINT

COMES NOW defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** ("State Farm"), by and through counsel of record, Hughes Pfiffner Gorski Seedorf & Odsen, LLC, and for its answer to plaintiff's First Amended Complaint, state and allege as follows:

1.     Upon information and belief, State Farm admits the allegations contained within paragraph 1 of plaintiff's First Amended Complaint.

2.     Upon information and belief, State Farm admits the allegations contained within paragraph 2 of plaintiff's First Amended Complaint.

3.     State Farm admits the allegations contained within paragraph 3 of plaintiff's First Amended Complaint.

Hughes Pfiffner Gorski
Seedorf & Odsen, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

PAGE 1 of 9   EXHIBIT 14

Case 3:09-cv-00072-TMB   Document 1-16   Filed 04/10/09   Page 1 of 9

## Defendant John E. Longlet

4.    State Farm lacks sufficient information to either admit or deny the allegations contained within paragraph 4 of plaintiff's First Amended Complaint and, therefore, denies the same.

5.    State Farm lacks sufficient information to either admit or deny the allegations contained within paragraph 5 of plaintiff's First Amended Complaint and, therefore, denies the same.

## Count I: Negligence

6.    Defendant admits and denies the allegations incorporated herein as set forth in paragraphs 1 through 5 above.

7.    State Farm admits that defendant Longlet owed plaintiff a duty to act with reasonable care in operating his vehicle.  State Farm denies all remaining allegations contained within paragraph 7 of plaintiff's First Amended Complaint.

8.    State Farm lacks sufficient information to either admit or deny the allegations contained within paragraph 8 of plaintiff's First Amended Complaint and, therefore, denies the same.

9.    State Farm lacks sufficient information to either admit or deny the allegations contained within paragraph 9 of plaintiff's First Amended Complaint and, therefore, denies the same.

HUGHES PFIFFNER GORSKI
SEEDORF & ODSEN, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

## Count II:  Negligence Per Se

10.    Defendant admits and denies the allegations incorporated herein as set forth in paragraphs 1 through 9 above.

11.    Upon information and belief, State Farm admits the allegations contained within paragraph 11 of plaintiff's First Amended Complaint.

12.    State Farm lacks sufficient information to either admit or deny the allegations contained within paragraph 12 of plaintiff's First Amended Complaint and, therefore, denies the same.

13.    State Farm lacks sufficient information to either admit or deny the allegations contained within paragraph 13 of plaintiff's First Amended Complaint and, therefore, denies the same.

## Count III: Alaska Statute 09.60.070

14.    Defendant admits and denies the allegations incorporated herein as set forth in paragraphs 1 through 13 above.

15.    The allegations contained within paragraph 15 of plaintiff's First Amended Complaint are denied with respect to defendant State Farm.  As to defendant Longlet, State Farm lacks sufficient information to either admit or deny the allegations contained within paragraph 15 of plaintiff's First Amended Complaint and, therefore, denies the same.

HUGHES PFIFFNER GORSKI
SEEDORF & ODSEN, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

16. With respect to any allegation directed to defendant Longlet, State Farm lacks sufficient information to either admit or deny the allegations contained within paragraph 16 of plaintiff's First Amended Complaint and, therefore, denies the same. Defendant State Farm denies that plaintiff is entitled to collect punitive damages pursuant to her underinsured motorist coverage.

17. State Farm lacks sufficient information to either admit or deny the allegations contained within paragraph 17 of plaintiff's First Amended Complaint and, therefore, denies the same.

### Defendant State Farm Mutual Automobile Insurance Co.

18. Defendant admits and denies the allegations incorporated herein as set forth in paragraphs 1 through 17 above.

19. State Farm lacks sufficient information to either admit or deny the allegations contained within paragraph 19 of plaintiff's First Amended Complaint and, therefore, denies the same.

20. State Farm lacks sufficient information to either admit or deny the allegations contained within paragraph 20 of plaintiff's First Amended Complaint and, therefore, denies the same.

21. State Farm admits the allegations contained within paragraph 21 of plaintiff's First Amended Complaint.

Hughes Pfiffner Gorski
Seedorf & Odsen, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

22.     State Farm lacks sufficient information to either admit or deny the allegations contained within paragraph 22 of plaintiff's First Amended Complaint and, therefore, denies the same.

23.     State Farm admits that it required plaintiff to follow the terms and conditions of the applicable insurance policy in order to preserve her right to pursue a UIM claim.   State Farm denies all remaining allegations contained within paragraph 23 of plaintiff's First Amended Complaint.

24.     State Farm admits that it provides plaintiff underinsured motorist coverage for the subject automobile accident, subject to the terms and conditions set forth in the applicable policy.   State Farm denies all remaining allegations contained within paragraph 24 of plaintiff's First Amended Complaint.

25.     State Farm lacks sufficient information as to whether plaintiff sustained physical injury as a result of the alleged motor vehicle accident and therefore denies those allegations.   State Farm admits that generally plaintiff's medical records are relevant to the case and must be produced along with photographs of the vehicle and any property damage estimates.   State Farm denies all remaining allegations contained within paragraph 25 of plaintiff's First Amended Complaint.

26.     State Farm lacks sufficient information to either admit or deny the allegations contained within paragraph 26 of plaintiff's First Amended Complaint and, therefore, denies the same.

Hughes Pfiffner Gorski
Seedorf & Odsen, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

27.     State Farm lacks sufficient information to either admit or deny the allegations contained within paragraph 27 of plaintiff's First Amended Complaint and, therefore, denies the same.

28.     State Farm lacks sufficient information to either admit or deny the allegations contained within paragraph 28 of plaintiff's First Amended Complaint and, therefore, denies the same.

29.     State Farm lacks sufficient information to either admit or deny the allegations contained within paragraph 29 of plaintiff's First Amended Complaint and, therefore, denies the same.

30.     State Farm denies the allegations contained within paragraph 30 of plaintiff's First Amended Complaint

31.     State Farm admits the allegations contained within paragraph 31 of plaintiff's First Amended Complaint.

32.     State Farm lacks sufficient information to either admit or deny the allegations contained within paragraph 32 of plaintiff's First Amended Complaint and, therefore, denies the same.

33.     State Farm lacks sufficient information to either admit or deny the allegations contained within paragraph 33 of plaintiff's First Amended Complaint and, therefore, denies the same.

HUGHES PFIFFNER GORSKI
SEEDORF & ODSEN, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

34.     State Farm lacks sufficient information to either admit or deny the allegations contained within paragraph 34 of plaintiff's First Amended Complaint and, therefore, denies the same.

By way of further answer, defendant submits the following as its affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

That plaintiff has failed to mitigate her damages, and accordingly, recovery against defendant State Farm should be barred or mitigated thereby.

### SECOND AFFIRMATIVE DEFENSE

That the injuries in question are the result of a pre-existing or subsequently occurring condition, and accordingly, recovery against defendant State Farm should be barred or mitigated thereby.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's injuries were caused by her own fault and recovery against defendant State Farm should be barred or mitigated thereby.

### FOURTH AFFIRMATIVE DEFENSE

That plaintiff failed to utilize safety equipment which was available to her, or used it in an inappropriate manner, and accordingly, recovery against defendant State Farm should be barred or mitigated thereby.

HUGHES PFIFFNER GORSKI
SEEDORF & ODSEN, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

### FIFTH AFFIRMATIVE DEFENSE

Defendant State Farm is entitled to an off-set against any eventual verdict for medical expenses paid under plaintiff's Medical Payments Coverage, an off-set for the liability settlement, an off-set for any prior UIM recovery and an off-set for any advance made under plaintiff's UIM coverage.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's underinsured motorist coverage limits her recovery of attorney's fees to Rule 82 fees calculated on the available underinsured motorist coverage.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's underinsured motorist coverage does not provide coverage for any punitive damages resulting from defendant John Longlet's conduct.

WHEREFORE, having fully answered plaintiff's First Amended Complaint, defendant State Farm prays that plaintiff take nothing by way of her First Amended Complaint; that defendant State Farm be awarded costs, interest and attorney's fees for the defense of this matter; that this matter be dismissed with prejudice; and for such other and further relief as this court may deem just and equitable in the premises.

HUGHES PFIFFNER GORSKI
SEEDORF & ODSEN, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

DATED at Anchorage, Alaska, on March 16, 2009.

HUGHES PFIFFNER GORSKI
SEEDORF & ODSEN, LLC
Attorneys for Defendant State Farm

278485

By: _Kimberlee A. Colbo_
Kimberlee A. Colbo
ABA No. 9211072

I hereby certify that a true and correct
copy of the foregoing was ☐faxed
☐hand delivered and/or ☒mailed
this _16_ day of March, 2009 to:

Dylan C. Buchholdt
Pentlarge Law Group
1400 West Benson Blvd., Suite 550
Anchorage, AK  99503

Laura J. Eakes
Walker & Eakes, LLC
329 F Street, Suite 200
Anchorage, Alaska  99501

_Patricia Brice_

HUGHES PFIFFNER GORSKI
SEEDORF & ODSEN, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

Answer to First Amended Complaint
Lyons v. Longlet, et al., Case No. 3AN-09-4962 Civil
Page 9 of 9

PAGE 9 of 9 EXHIBIT 14